
RECEIVED
IN LAKE CHARLES, LA
SEP 13 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILFORD DAN CARTER** | : | **DOCKET NO. 2:05 CV 0438** |
| **VS.** | : | **JUDGE MINALDI** |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND UNITED STATES CORPS OF ENGINEERS** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc.6] filed by the United States. The plaintiff's opposition was due August 30, 2005, but no opposition was timely filed therefore the court will consider this motion to be unopposed.

### Rule 12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit*

*Corp.*, 613 F.2d 507, 511 (5th Cir.1980).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998); *Ramming v. U.S.*, 281 F.3d 158, 161 (C.A.5 (Tex.), 2001).

Facts

In February, 2002, the plaintiff, Wilford Dan Carter ("Carter"), purchased a 10.7 acre tract of land in Lake Charles, Louisiana. Carter then developed the tract as a residential subdivision. Carter was advised by the Corps of Engineers ("Corps") in April 2003 that the property included wetlands that would require a permit for development. Carter continued to develop the tract without obtaining the required permit and then sold several lots in June and July 2003.

In September 2003, the Corps issued a cease and desist order, but Carter denied that the Corps had jurisdiction over the property and did not comply with the order. In August 2004, the EPA filed an Administrative Complaint against Carter, seeking penalties for violations of the Clean Water Act. Carter entered into negotiations with the EPA, but in March of 2005, while negotiations with the EPA were on-going, Carter filed this complaint against the EPA and the Corps, seeking a declaratory judgment that the United States lacks jurisdiction over the subject property. Nevertheless, discussions concerning the EPA's Administrative Complaint continued. On April 27, 2005, the EPA and Carter entered into a Consent Agreement and Final Order pursuant to which Carter agreed to pay an administrative penalty. Carter also agreed to seek an after-the-fact permit

from the Corps, which would require that he perform certain mitigation for lost wetlands. Carter has paid the agreed penalty, purchased the compensatory mitigation, and signed and accepted the terms of his Clean Water Act §404 permit, which is not final.

Law and Analysis

Notwithstanding the administrative resolution of the EPA's Complaint and the issuance of the §404 permit, Carter continues to pursue this action, which seeks a declaration that neither the Corps or the EPA has jurisdiction over the subject tract and an injunction prohibiting the exercise of such jurisdiction.

To meet his burden of demonstrating the Court's subject matter jurisdiction over claims against the United States, Carter must allege an applicable waiver of sovereign immunity. *United States v. Mitchell*, 436 U.S. 206, 212 (1983). Carter asserts jurisdiction pursuant to the Clean Water Act, the federal question provisions of 28 U.S.C. §1331, and the Declaratory Judgment Act, 28 U.S.C. §2201-02. It is well settled law that federal question jurisdiction (28 U.S.C. § 1331), the Declaratory Judgment Act (28 U.S.C. § 2201) and the Constitution do not contain express or implied waivers of sovereign immunity. *Crow Tribe of Montana v. U.S.*, 1992 WL 12003600, *1 (D.D.C.) (D.D.C.,1992).

The Clean Water Act provides a limited waiver of sovereign immunity for specified causes of action against the government. The citizen suit provision, CWA §505(a), allows for suit against the United States in two circumstances: (1) when the United States is alleged to be in violation of any effluent standard or limitation under the CWA or an order issued by the EPA or a state with respect to such standard or limitations; or (2) when it is alleged that the EPA (but not the Corps) has failed to "perform any act or duty under this chapter which is not discretionary with the

3

Administrator." 33 U.S.C. §1365 (a). The plaintiff has made no such allegations.

CWA §§ 509(b) and 309(g) also allow suit against the United States. §509(b) provides for jurisdiction on the Courts of Appeal, not the District Court. §309(g) does provide a cause of action for judicial review of administrative penalties, the government, however, argues that Carter waived this right when he agreed to the Consent Order.

It has been argued that the 1977 amendment to § 313 made it clear that a broad waiver of sovereign immunity was intended by Congress. The courts did not accept this argument and have held that 1977 amendment did not change the extent to which section 313 waived immunity from state or local control; it merely made it clear that where federal agencies are subject to state or local regulation they must comply with state or local procedural as well as substantive requirements. The qualifying phrase, "resulting, or which may result, in the discharge or runoff of pollutants" appeared in the 1972 version and was unchanged by the 1977 amendment to section 313. This amendment was designed to make it clear that federal agencies are subject to procedural as well as substantive provisions of state water quality control laws. It was adopted, at least in part, in response to *EPA v. California ex rel. State Water Resources Control Board*, 426 U.S. 200, 96 S.Ct. 2022, 48 L.Ed.2d 578 (1976), in which the Supreme Court held that federal facilities were required to comply with state substantive requirements only. See S.Rep. No. 95-370, p. 67, *reprinted in* [1977] U.S.Code Cong. & Adm.News 4392; *U.S. ex rel. Tennessee Valley Authority v. Tennessee Water Quality Control Bd.*, 717 F.2d 992, 997 (C.A.Tenn.,1983).

Accordingly, the plaintiff has failed to identify an applicable waiver of sovereign immunity in the Clean Water Act.

Finally, there is no live case or controversy. Carter's claims are moot since he has settled the EPA Administrative Complaint and has received a §404 permit.

Accordingly, the Motion to Dismiss [doc.6] filed by the United States will be granted.

Lake Charles, Louisiana, this 9 day of September, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE